IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| YASMINTHERESA GARSIYYA-BEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 24-526 (JLH) |
| ) | |
| FAMILY COURT OF DELAWARE INC., ) | |
| *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER**

1.  Plaintiff Yasmintheresa Garsiyya-Bey, proceeding *pro se,* filed a Complaint on April 29, 2024, against Defendants Family Court of Delaware Inc., Judge Joelle Patricia Hitch, Marta M. Dybowski, Couper Smith-Hagans, and the State of Delaware. (D.I. 1.) Plaintiff alleges that, in 2021, Defendant Judge Joelle Patricia Hitch of the Family Court of the State of Delaware awarded custody of Plaintiff's child to Defendant Smith-Hagans, the birth father. Defendant Dybowski was Defendant Smith-Hagans' attorney in the custody proceedings. Defendant Smith-Hagans now lives with the child in California.

2.  Defendants Dybowski and Smith-Hagans moved to dismiss the case as frivolous. (D.I. 8.) Plaintiff then filed a motion for a preliminary injunction and, subsequently, Plaintiff filed an Amended Complaint. (D.I. 12, 19.) Then, on January 10, 2025, Plaintiff filed a motion styled, "Motion to Enforce Court Order and Request for Remedy for Procedural Violations and Parental Alienation." (D.I. 25.)

3.  Defendants Dybowski and Smith-Hagans' Motion to Dismiss (D.I. 8) is GRANTED. Neither the Complaint nor the Amended Complaint states a federal claim against Dybowski or Smith-Hagans. Plaintiff's Amended Complaint alleges that she is entitled to relief

for various violations of her Constitutional Rights (D.I. 19 at 2–3 (Counts 1 and 3)), but neither Dybowski nor Smith-Hagans are state actors; thus, they cannot be sued for violating 42 U.S.C. § 1983, the Fifth Amendment, or the Fourteenth Amendment. Plaintiff alleges that Defendants committed "Obstruction of Justice" (Count 2), but that is not a civil claim that Plaintiff can bring in federal court; private parties like Plaintiff cannot enforce criminal statutes in court.

4. The claims against Defendants Family Court of Delaware Inc., Judge Joelle Patricia Hitch, and the State of Delaware must likewise be dismissed. The record reflects that Plaintiff is plainly disappointed with the outcome of the child custody proceedings, but the *Rooker-Feldman* doctrine prevents this Court from reviewing Delaware state court judgments. *Van Tassel v. Hodge*, 565 F. App'x 135, 139 (3d Cir. 2014). What's more, to the extent Plaintiff suggests that the manner in which her child was removed from her custody violated her constitutional rights under the First, Fourth, and Eighth Amendments, there are a number of problems with Plaintiff's argument, not the least of which is that Plaintiff alleges that the her child was removed by state officials in New York.

5. All claims alleged in the Complaint and Amended Complaint are DISMISSED. Out of an abundance of caution, Plaintiff will be given an opportunity to file a second amended complaint to attempt to remedy the deficiencies discussed above. The Court shall give Plaintiff fourteen (14) days from the issuance of this Order to file a second amended complaint. If Plaintiff chooses to file an amended complaint, it will wholly replace the Complaint (D.I. 1) and the Amended Complaint (D.I. 19). Plaintiff should be advised that filing an amended complaint that fails to remedy the above-discussed deficiencies will likely result in dismissal with prejudice.

Alternatively, if Plaintiff chooses not to timely file an amended complaint, and instead takes no further action, the Complaint will be dismissed without prejudice and this case will be closed.

6. As the Court has dismissed the Complaint and the Amended Complaint, Plaintiff's Motion for a Preliminary Injunction (D.I. 12) is DENIED. Plaintiff's Motion to Enforce Court Order and Request for Remedy for Procedural Violations and Parental Alienation (D.I. 25) is likewise DENIED.

January 28, 2025

_____
The Honorable Jennifer L. Hall
United States District Judge